**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSOLIDATED WORK STATION COMPUTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No. ________________<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF CONSOLIDATED WORK STATION COMPUTING, LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Consolidated Work Station Computing, LLC ("CWSC" or "Plaintiff") by and for its Complaint against defendant Juniper Networks, Inc. ("Juniper" or "Defendant") hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. CWSC holds the rights in U.S. Patent No. 6,823,475 ("the '475 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '475 Patent is entitled to a presumption of validity. CWSC is suing Defendant for infringing its patent, and doing so willfully. CWSC seeks to recover damages from Defendant, including treble damages for willful infringement.

## THE PARTIES

2. CWSC is a limited liability company, organized and existing under the laws of the State of Texas, having a place of business at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Upon information and belief, Defendant Juniper Networks, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1133 Innovation Way, Sunnyvale, California 94089. Defendant can be served with process through its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendant, among other things, conducts business in, and avails itself of the laws of, the State of New York. In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Juniper's business contacts and other activities in the State of New York and in this District.

6. Upon information and belief, Defendant directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or

markets and, at all relevant times has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through its website: www.juniper.net within this District, thereby infringing the '475 patent.

**VENUE**

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8. Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement in this District, solicits business in this District, and conducts other business in this District.

**INFRINGEMENT OF U.S. PATENT NO. 6,823,475**

9. CWSC incorporates by reference the allegations set forth in the preceding paragraphs.

10. On November 23, 2004, the '475 patent, entitled "PC-CPU Motherboards With Common Fault-Tolerant Power Supply," was duly and lawfully issued based upon an application filed by the inventor, Robin Harker. A true and correct copy of the '475 Patent is attached hereto as Exhibit 1.

11. CWSC is the assignee and the owner of all right, title and interest in and to the '475 patent, and has the right to sue and recover damages for infringement thereof.

12. Upon information and belief, Defendant directly or through intermediaries has been and continues to be engaged in making, having made, using, importing, supplying, distributing, selling and/or offering for sale infringing products and/or systems, including, but

not limited to, Juniper EX6200, EX8200, EX9200 Series switches ("Accused Products") in the United States generally, and in the Southern District of New York specifically.

13. Upon information and belief, by acts including, but not limited to making, having made, using, importing, supplying, distributing, selling, offering for sale and/or marketing of products falling within the scope of claims 1-8 of the '475 patent, Defendant has directly and/or indirectly (by inducement and/or contributory infringement) infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '475 patent and is thus liable to CWSC pursuant to 35 U.S.C. § 271.

14. Defendant has indirectly infringed and continues to infringe claims 1-8 of the '475 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users of the accused products to directly infringe claims 1-8 of the '475 patent.

15. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting the Accused Products online, including, without limitation, through the website: www.juniper.net, and/or by providing customers with instructions and/or manuals for using the Accused Products.

16. Upon information and belief, Defendant's past and continued indirect infringement by inducement is without good-faith belief of non-infringement or invalidity.

17. Defendant's infringement of the '475 patent is without consent of, authority of, or license from CWSC.

18. Upon information and belief, Defendant's infringement of the '475 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. §285 entitling CWSC to its attorneys' fees and expenses.

19. As a result of Defendant's acts of infringement, CWSC has suffered and will continue to suffer damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, CWSC requests this Court enter judgment as follows:

A. That the '475 patent is valid and enforceable;

B. That Defendant has directly and indirectly infringed claims 1-8 of the '475 patent;

C. That such infringement has been willful;

D. That Defendant accounts for and pays to CWSC all damages pursuant to 35 U.S.C. § 284 to adequately compensate CWSC for Defendant's infringement of the '475 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '475 patent;

E. That CWSC receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

G. That Defendant pay CWSC all of CWSC's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H. That CWSC be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '475 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I. That costs be awarded in accordance with 35 U.S.C. § 284 to CWSC; and

J. That CWSC be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

CWSC hereby demands a trial by jury on all issues so triable in this action.

Dated: February 26, 2016

KROUB, SILBERSHER & KOLMYKOV PLLC

By: */s/ Sergey Kolmykov*

Sergey Kolmykov (SK7790)
*skolmykov@kskiplaw.com*
Gaston Kroub (GK6970)
*gkroub@kskiplaw.com*
Zachary Silbersher (ZS4391)
*zsilbersher@kskiplaw.com*

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

*ATTORNEYS FOR PLAINTIFF CONSOLIDATED WORK STATION COMPUTING, LLC.*